UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-24-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KELLY J. GUDGER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court following Defendant Kelly J. Gudger's final revocation hearing on alleged supervised release violation, specifically, for committing state crimes (second-degree assault, fourth-degree assault, and first-degree strangulation) while on supervised release. *See* DE 74 (Minute Entry); DE 76 (Recommended Disposition). After lengthy competency proceedings, including restoration, Judge Ingram held the final evidentiary hearing, where the Government presented three witnesses. *See* DE 74; DE 76. After conducting the final hearing, Judge Ingram recommended that the undersigned find Gudger guilty of the charged violation, revoke his supervision, sentence him to a term of imprisonment of fifty-four months plus six months of supervised release, and require Gudger to serve the supervised release term at a specific halfway house in Manchester, Kentucky, in order to receive mental health treatment. *See* DE 76 at 15–16. Judge Ingram informed Gudger of his right to object to the recommendation. *See id.* at 16. Gudger waived allocution. *See* DE 77 (Waiver). The prescribed fourteen-day objection period has passed, and neither Gudger nor the United States objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106

S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram fully accounted for all matters of import on a well-developed record. Both sides had thorough input in the zealously advocated case. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thoughtful and complete treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 76 and **ADJUDGES** Gudger guilty of the charged violation (to wit, the three alleged state crimes), consistent with that recommendation;

2. The Court **REVOKES** supervision and **SENTENCES** Gudger to a term of imprisonment of fifty-four months, to be followed by six months of supervised release under the conditions set forth in Gudger's prior Judgment;

3. Gudger **SHALL** serve the supervised release term at a halfway house in Manchester, Kentucky, and receive mental health treatment pursuant to the existing Special Condition #2 of his Judgment (and to clarify, the Court further directs that USPO arrange this placement and require active mental health treatment for Gudger during the remaining supervision term, and Gudger shall cooperate in good faith in and comply with **all terms** of that halfway house placement and treatment); and

4. The Court will enter an appropriate revocation judgment.

This the 19th day of August, 2024.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge